UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEVIN BACHHUBER,

Plaintiff,

-against-

SECURE INVESTING ADVISORS, LLC d/b/a
CAVALA FUNDING SOLUTIONS

Defendant.
---------------------------------------------------------------x

26-CV-03502 (JAV) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On August 27, 2026, Defendant Secure Investing Advisors, LLC submitted a letter motion seeking a stay of discovery or, in the alternative, to bifurcate discovery. ECF No. 27. Plaintiff opposes the request. ECF No. 28. The Court held a conference to address the request on October 6, 2026. An assessment of the relevant factors does not weigh in favor of staying discovery in this case.

First, although a motion to dismiss was filed on June 26, 2026, Defendant has not made a strong showing that Plaintiff's claims are unmeritorious. Defendant argues that the overwhelming consensus outside of this Circuit is that Plaintiff's claim under Section 227(c)(5) of the Telephone Consumer Protection Act does not cover text message communications, as is alleged to have occurred here. However, at least one court in this District recently addressed the issue and held otherwise. See Wilson v. Better Mortgage Corp., 2025 WL 3493815, at *5 (S.D.N.Y. Dec. 5, 2025) (concluding for purposes of a motion to dismiss that Section 227(c)(5) applies to text messages). Turning to the breadth of discovery, although Defendant does not point to any specific discovery requests, there are means by which any potentially unduly burdensome requests can be addressed short of a stay of all discovery. Moreover, although this is a putative

class action, the parties can structure discovery so as to front load discovery requests pertaining to Plaintiff, to allow the Court time to rule on the substantive motion to dismiss and to alleviate any burden on Defendants from class-wide discovery. Finally, an indefinite stay of discovery would prejudice Plaintiff, as it would hinder Plaintiff's ability to obtain evidence to support his claims.

For these reasons, the request to stay discovery is denied. The request to bifurcate discovery is also denied. Bifurcation in this Circuit is the exception, and courts are likely to deny bifurcation where class discovery, as here, will substantially overlap with merits discovery. Here, bifurcation of discovery would result in inefficiencies and obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff.

The Clerk of Court is respectfully directed to close the motion at ECF No. 27.

**SO ORDERED.**

DATED: New York, New York
October 7, 2026

VALERIE FIGUEREDO
United States Magistrate Judge